IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BODKINS, III,

        Plaintiff

v.                            3:17-CV-00370
                                (JUDGE MARIANI)

ANDREW SAUL[1],

        Defendant

## MEMORANDUM OPINION

On February 28, 2017, Plaintiff William Bodkins, III, filed a complaint seeking judicial review of a final decision made by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying his application for Social Security Disability benefits. This matter was referred to Chief Magistrate Judge Schwab to prepare a Report and Recommendation ("R&R"). On September 12, 2018, Chief Magistrate Judge Schwab issued an R&R (Doc. 29) recommending that Plaintiff's request for relief be denied and the Commissioner's final decision denying Plaintiff's claim be affirmed. Plaintiff filed Objections (Doc. 30) on September 19, 2018, to which Defendant filed a response (Doc. 31). Upon *de novo* review of Chief Magistrate Judge Schwab's R&R, the Court will overrule Plaintiff's Objections and adopt the pending R&R.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named Defendant in place of the former Commissioner of Social Security.

1

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in response to the pending R&R, Plaintiff filed four objections which this Court will address in turn.

When reviewing the Commissioner's final decision denying a claimant's application for Disability Insurance Benefits, a District Court is limited to a deferential review of whether there is substantial evidence to support the findings of the Commissioner. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Factual findings which are supported by substantial evidence must be upheld. *Ficca v. Astrue*, 901 F.Supp.2d, 533, 536 (M.D. Pa. 2012) (citing 42 U.S.C. § 405(g); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

Plaintiff first objects to Chief Magistrate Judge Schwab's finding that the Administrative Law Judge's ("ALJ's") determination regarding Plaintiff's 2015 IQ scores was supported by substantial evidence, as well as the ALJ's finding that Psychologist William D. Thomas, MS, was not an acceptable medical source was harmless error. (Doc. 30 at 1–2).

At the outset, the Court finds the ALJ's determination that Mr. Thomas was not an acceptable medical source to be harmless error. As Chief Magistrate Judge Schwab found, the ALJ should have considered Mr. Thomas to be an acceptable medical source. (Doc. 29 at 12). Mr. Thomas is in fact a licensed psychologist, and 40 C.F.R. § 404.1502(a)(2)[2] defines acceptable medical sources to include a "licensed or certified psychologist at the independent practice level." However, given the totality of the evidence supporting the ALJ's determination on the severity of Plaintiff's mental impairments, the Court finds this error to be harmless.

"Ordinary harmless error review, in which the appellant bears the burden to demonstrate harm, is applicable to administrative appeals." *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). The claimant therefore must "explain [ ] ... how the ... error to which he points could have made any difference." *Id.* (citing *Shinseki*, 556 U.S. at 413). Here, Plaintiff failed to demonstrate how the ALJ's error in finding that Mr. Thomas was not an acceptable medical source could have made any difference in the outcome of his case. Further, the ALJ's

---

[2] The R&R mistakenly identified 20 C.F.R. § 404.1513(a)(2).

3

ultimate determination regarding Plaintiff's mental impairment was not based solely on his findings related to Mr. Thomas as a medical source.[3] It is also important to note that even though the ALJ did not find Mr. Thomas to be an acceptable medical source, he nonetheless considered Mr. Thomas's opinion regarding Plaintiff's IQ results "to the extent that it helps understand how an impairment affects the ability to work." (Doc. 13-2 at 22). The error to not consider Mr. Thomas an acceptable medical source did not make any difference in the ALJ's ultimate determination and was therefore harmless.

Plaintiff also argues that the ALJ failed to "adequately explain why the inconsistencies in the medical evidence and the Plaintiff's own testimony provided substantial evidence supporting the Administrative Law Judge's conclusion that the Plaintiff's IQ could not have been in the sub 60 range." (Doc. 30 at 2). When the ALJ considered Plaintiff's 2015 IQ scores prepared by Mr. Thomas, he found that the scores were not controlling given the "great deal" of evidence in support of finding that Plaintiff's intellectual disorder was less limiting than alleged. The ALJ pointed to multiple inconsistencies in the record to support his finding, such as an October 2014 psychiatric evaluation, Plaintiff's prior work history, and Plaintiff's own testimony regarding his care for petition for legal custody of his nephew. (Doc. 13-2 at 16). Thus, the Court finds that the

---

[3] The ALJ pointed to other evidence to support his finding regarding Plaintiff's mental impairment, including an October 2014 psychiatric evaluation containing no indication of a suspected intellectual disability, the fact that Plaintiff has been able to sustain work at an unskilled level and understand his job duties, as well as Plaintiff's testimony that he is currently caring for his nephew and petitioning for legal custody. (Doc. 13-2 at 16).

4

ALJ's determination that Plaintiff's IQ was not necessarily below 60 is supported by substantial evidence.

Plaintiff's second objection is to Chief Magistrate Judge Schwab's finding that the ALJ adequately accounted for the Plaintiff's cognitive limitations by limiting the Plaintiff to simple, routine, repetitive tasks not in a fast-paced work environment and only simple work decisions. (Doc. 30 at 3-4). More specifically, Plaintiff argues that the ALJ failed to "adequately explain why someone limited to performing only simple, routine, repetitive tasks not in a fast-paced work environment and only simple work decisions would still be able to perform jobs with a reasoning level of 2 defined as the ability to remember and carry out detailed oral instructions." (*Id*). In the R&R, Chief Magistrate Judge Schwab pointed out that "[t]he Third Circuit and the Middle District of Pennsylvania have acknowledged a 'growing consensus within this Circuit and elsewhere and elsewhere,' that '[w]orking at a reasoning level 2 would not contradict the mandate that [ ] work be simple, routine and repetitive.'" (Doc. 30 at 19) (citing *Meloni v. Colvin*, 109 F.Supp. 3d 734, 742 (M.D. Pa. 2015) (citing *Money v. Barnhart*, 91 F.App'x 210, 215 (3d Cir. 2004)). Here, the ALJ's finding that Plaintiff is limited to simple, routine, repetitive tasks not in a fast-paced work environment and only simple work decisions adequately accounted for Plaintiff's mental impairments with numerous citations to evidence of the record.[4] Therefore, in light of the

---

[4] As evidence that Plaintiff's mental impairment does not meet or medically equal listing 12.05, the ALJ cited to Plaintiff's 1991 IQ scores, the fact that Plaintiff has been able to sustain work at an unskilled level and understand his job duties, an October 2014 psychiatric evaluation containing no indication of a suspected intellectual disability, Plaintiff's testimony regarding his daily marijuana use up until 2014, as well

prevailing consensus within the Third Circuit regarding working at level two reasoning, the ALJ's conclusion that Plaintiff can perform unskilled occupations with a reasoning level of two is supported by substantial evidence.

Plaintiff's third objection is directed at Chief Magistrate Judge Schwab's footnote stating that Plaintiff's misrepresentation of the ALJ's wording by replacing "collaboration" with "contact" in his brief was significant. (Doc. 30 at 4). Chief Magistrate Judge Schwab merely noted Plaintiff's mistake in misrepresenting the ALJ's language and found this was "significant" because "collaboration" is defined as "actively working togethering not just being in physical proximity or having superficial interaction." (Doc. 29 at 18). In his objection, Plaintiff argues "[s]ince the word contact implies a lesser degree of interaction, the word exchange is not significant to the Defendant but only to the Plaintiff." (Doc. 30 at 4). This objection, even if merited, would have no bearing on whether the ALJ's findings were supported by substantial evidence. Even though there is no basis for objection here, the Court notes that Plaintiff's view of the mistaken wording is incorrect. Based on consideration of the entire record, the ALJ found Plaintiff "is limited to incidental collaboration with coworkers and the public and collaboration with a supervisor 30 minutes per workday." (Doc. 13-2 at 16–17). By replacing the word "collaboration" with "contact" in his brief when discussing the work limitations found by the ALJ, Plaintiff seems to suggest

---

as Plaintiff's testimony that he is currently caring for his nephew and petitioning for legal custody. (Doc. 13-2 at 16).

6

the ALJ found Plaintiff more limited in his interaction with supervisors than what the ALJ actually determined.

Plaintiff's final objection is that Chief Magistrate Schwab misunderstood Plaintiff's suggestion that a significant amount of standing and walking in the three occupations identified by the Vocational Expert could possibly exceed Dr. Khalid's limitation. (Doc. 30 at 4). Chief Magistrate Judge Schwab interpreted this to mean Plaintiff argued that Dr. Khalid limited him to a combined five hours of sitting, standing or walking in an eight-hour workday. (Doc. 29 at 27). Dr. Khalid opined that Plaintiff could stand for up to five hours in an eight-hour day and walk for up to five hours in an eight-hour day. (Doc. 13-10 at 13). This opinion, along with numerous other citations to the record, including Plaintiff's own testimony regarding his symptoms, supported the ALJ's finding that Plaintiff is capable of performing the standing and walking requirements of the occupations named by the Vocational Expert. (*See* Doc. 13-2 at 17–22). In his objection, Plaintiff "simply suggests," without citing to any support, that the amount of standing and walking in the three jobs listed by the Vocational Expert could exceed Dr. Khalid's limitation. (*See* Doc. 30 at 4). The Court finds that substantial evidence supports the ALJ's finding that the jobs named by the Vocational Expert are consistent with Dr. Khalid's opinion that Plaintiff can stand for up to five hours in an eight-hour day and walk for up to five hours in an eight-hour day.

For the above-discussed reasons, the Court will overrule Plaintiff's Objections, adopt the pending R&R, and affirm the Commissioner of Social Security's final decision.  A separate Order follows.

Robert D. Mariani
United States District Judge